(4:12cv0803)

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH D. CLEMENTS, ) | |
| ) | CASE NO. 4:12cv0803 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** [Regarding ECF No. 1] |

Before the Court is *pro se* Petitioner Joseph D. Clements's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio, names the United States of America as Respondent. He seeks an Order directing the Probation Office to amend his Presentence Investigation Report ("PSIR") so as to reflect that his arson conviction is a misdemeanor, thereby removing his Career Offender designation and, ultimately, reducing his original sentence. ECF No. 1 at 6.

**I. Background**

On October 28, 1998 Petitioner was charged in the Nevada District Court with distribution of a controlled substance in violation of 21 U.S.C. §841(a)(1). *See United States v.*

(4:12cv0803)

*Clements*, ECF No. 147, No. 2:98-cr-00402 (D. NV, Oct. 28, 1998). A jury later convicted him of distributing 1.05 grams of cocaine base. ECF No. 1 at 1. The district court judge, relying upon the PSIR, determined Petitioner had been convicted of two prior felonies. ECF No. 1 at 1. The court used the two felonies to classify Petitioner as a career offender pursuant to United States Sentencing Guidelines, U.S.S.G. § 4B1.1. ECF No. 1 at 1. Petitioner was sentenced on November 3, 2000 to serve 262 months in prison. ECF No. 1 at 1.

Without disclosing to the Court what prompted his concerns, Petitioner asked Warden Robert Farley in February 2012 to contact the Probation Office regarding his PSIR. ECF No. 1 at 3-4. Petitioner was seeking an amendment to his PSIR, removing his Career Offender classification. ECF No. 1 at 4. Relying upon the Ninth Circuit Court of Appeals' 2006 decision *United States v. Bridgeforth*, 441 F.3d 864 (9th Cir. 2006) as intervening authority, Petitioner argued one of his prior felony convictions should have been considered a misdemeanor pursuant to California law. ECF No. 1 at 4. Petitioner argued the state crime he committed was considered a "wobbler" and that the state judge meant to consider his crime a misdemeanor because he was only sentenced to 122 days in county jail. ECF No. 1 at 2. As such, Petitioner claimed it was improper to classify him as a Career Offender pursuant to U.S.S.G. § 4B1.1 when one of his two prior convictions should have been considered a misdemeanor. ECF No. 1 at 2.

The warden honored Petitioner's request. ECF No. 1 at 4. In response, Probation Officer Doris Nagazyna advised Warden Farley, in a letter dated March 7, 2010, that *Bridgeforth* was not applicable to Petitioner. ECF Nos. 1 at 4;1-2. Unlike the prisoner in *Bridgeforth*, who was sentenced under California Penal Code § 17(b), which permits courts to exercise their discretion

2

(4:12cv0803)

to classify certain "wobbler" offenses as either a felony or misdemeanor, there was no record that Petitioner was ever sentenced under that provision. ECF No. 1-2 at 3. Finally, she noted that state transcripts revealed Petitioner pleaded guilty to attempted arson, which is considered a felony in violation of California Penal Code 664/451.D. ECF No. 1-2 at 3.

Petitioner argues he is entitled to seek relief pursuant to 28 U.S.C. § 2241, citing *Locklear v. Holland*, 194 F.3d 1313 (6th Cir. 1999) and *Blackshear v. Lockett*, 411 Fed.App'x. 906 (7th Cir. 2011). ECF No. 1 at 5. He claims that an erroneous predicate offense has lengthened the term of his sentence; and, thus, he has established that a liberty interest is at stake which cannot be denied without due process. ECF No. 1-1 at 5.

Petitioner further claims he has fully exhausted his administrative remedies because the Probation Officer concluded it would require a court order to amend his PSIR. ECF No. 1 at 6. Therefore, he now seeks an order from the instant Court removing his Career Offender designation and re-sentencing him to a shorter term of incarceration. ECF No. 1 at 6.

**II. Legal Standard**

This matter is before the court for initial screening. *See* 28 U.S.C. § 2243; *Harper v. Thoms*, 51 Fed.App'x. 517, 518 (6th Cir. 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Where, as here, Petitioner has not

3

(4:12cv0803)

met his burden, the petition must be denied.

### III. Analysis

Pursuant to 28 U.S.C. § 2241, claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991)). While the Court has personal jurisdiction over Petitioner's custodian, the nature of his request is not an attack upon the manner in which his custodian is executing his sentence. Instead, Petitioner is challenging the sentence imposed by the District Court of Nevada.

Any federal prisoner seeking to challenge his conviction or the imposition of his sentence must file a motion in the sentencing court pursuant to 28 U.S.C. § 2255.[1] *See Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 26 (2d Cir. 1992); *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir. 1979). It is only when a prisoner establishes that his remedy under §2255 is "inadequate or ineffective" that he may utilize § 2255's safety valve provision and file a § 2241 petition to challenge his conviction or the imposition of his

---

[1] 28 U.S.C. § 2255(a) reads:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(4:12cv0803)

sentence. 28 U.S.C. § 2255(e); *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

Petitioner has failed to show that his § 2255 remedy is inadequate or ineffective. As a threshold matter, he never discloses whether he ever filed a motion to vacate in the District Court of Nevada. See *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir.1999), *cert. denied*, 528 U.S. 1176 (2000) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.")

Section 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). Nor is it considered inadequate or ineffective simply because: § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986); or because the petitioner has been denied permission to file a second or successive motion to vacate. See *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Neither *Blackshear* nor *Locklear* support Petitioner's argument that he is entitled to habeas relief because his presentence report included inaccurate information. *Blackshear*, 411 Fed.App'x. at 907 ("Blackshear cannot link the inaccuracies in his presentence report to an injury affecting the fact or length of his sentence"); *Locklear*, 194 F.3d at 1313 ("Locklear's due

5

(4:12cv0803)

process complaint about the decision to not permit his placement in a prison camp fails to state a constitutional claim"). To date, only prisoners who can show that an intervening change in the law establishes actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *See e.g. Lott v. Davis*, 105 Fed. App'x. 13, 15 (6th Cir. 2004) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); *see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)("[w]ithout determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Even if Petitioner is indirectly claiming actual innocence based upon *Bridgeforth*, his Petition must fail. *See e.g. Lopez v. Benov*, 2012 WL 893184, at *3 (E.D. Cal. Mar. 14, 2012) (petitioner who argued he is actually innocent pursuant to *Bridgeforth* because his prior conviction is a misdemeanor under California law was not stating a claim of actual innocence of the crime of conviction). "Actual innocence" means factual innocence, rather than mere legal insufficiency. *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner does not argue he is innocent of the federal crime for which he was convicted. Instead, he claims one of the predicate offenses used to enhance his sentence did not meet the legal definition of a felony. Without addressing the merits of this defaulted argument, the contention could have been raised at sentencing. Federal habeas relief is reserved for those

6

(4:12cv0803)

prisoners who committed an act that the law no longer considers criminal. See *Bousley*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974))(where substantive federal criminal statute no longer reaches certain conduct, prisoners should still have access to review conviction for "an act that the law does not make criminal."). Such is not the case at bar.

### IV. Conclusion

Based upon the foregoing, the Petitioner's petition is denied pursuant 28 U.S.C. § 2243. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

| October 30, 2012 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] 28 U.S.C. § 1915(a)(3) provides, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith"